[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on November 27, 1982 at Milford, Connecticut. Both parties have resided in this state for at least one year prior to the date of this complaint. There are no minor ;children issue of this marriage.
The evidence presented at trial has clearly established that the marriage has broken irretrievably down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in §§ 46b-81 and 46b-82 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 12 years. For the past two years, the parties have lived separate and apart. No temporary award of alimony pendente lite was sought during these two years. The defendant wife has solely maintained the marital home to the best of her ability without any financial contributions from the plaintiff husband.
The defendant is 45 years of age. She has had two hospitalizations for depression during the past two years. She is presently under the care of a psychiatrist. The defendant has a responsible position as an associate business manager at Yale University where she has been employed for 19 years. The defendant earns a gross of $49,192 per year. In addition, she has a small wedding gown and alteration business which generates approximately $48 per week according to her financial affidavit. The defendant's mother and the defendant's two adult children from a prior marriage also reside in the marital home. Their contribution is $140 per week toward the household expenses.
The plaintiff husband is 50 years of age. This is his third marriage. Although he had periods of unemployment (he did receive unemployment compensation), he has been gainfully employed for the past ten years. His present yearly gross is $28,080 per year. The plaintiff continues to be active with A.A. and has remained sober since 1984. Both parties appear to have emotional/mental disorders CT Page 10213 and both parties are under the care of their respective physicians.
The parties built the martial home and moved in some time in 1986 or 1987. The defendant's mother contributed approximately $46,000 toward this home. The plaintiff's mother contributed $10,000. Although the cost of the home and the lot was approximately $230,000, the parties indicate the property has a value of approximately $185,000 on today's market. The first and second mortgages total approximately $161,500, leaving an equity of $23,500.
The defendant wife has a TIAA/CREF OF $19,500. The plaintiff husband has a 401(K) of $9,361.96 (he is currently repaying a $5000 loan from his 401(K) at the rate of $24.74 per week) and an ESOP plan of $35,599.99. His total deferred compensation as of this date is $44,961.95.
The wife plans to list the marital home for sale. The mortgage is presently one month in arrears. There are back taxes owed on the premises in the amount of $3,000. After the payment of the mortgages, real estate commission, closing costs and back taxes, there will be less than $10,000 in net proceeds.
The parties were in conflict over the defendant's children and the defendant's mother, all of whom lived with the parties. Both parties testified as to their up and down relationship for over five years culminating in the plaintiff leaving the marital home in early 1992.
No useful purpose would be served by a review of the evidence presented in this matter. Unfortunately, the parties were unable to resolve this marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
In summary, the marital assets of the parties is as follows:
 Equity in real estate: $23,500.00 401(K) and ESOP: $44,961.95 TIAA/CREF: $19,500.00 ---------- TOTAL: $87,961.95
The following orders shall enter with respect to the division of their assets. CT Page 10214
A. ALIMONY
No alimony is awarded to either party. The defendant specifically requested no alimony.
B. REAL ESTATE
The plaintiff shall transfer all of his right, title and interest in and to the jointly owned real estate located at 291 Riggs Street, Oxford, Connecticut, to the defendant. The defendant shall hold the plaintiff harmless from any and all liability with respect to the mortgages and taxes in connection with said real estate.
C. PERSONAL PROPERTY
1. The plaintiff shall be entitled to the following items which shall be removed within 30 days of date:
a. box of A.A. materials and documents;
b. desk and odd table;
c. boyhood toys;
d. father's crucifix;
e. tools;
f. plaintiff's personal belongings.
2. The plaintiff shall return to the defendant forthwith her father's Cross pen.
3. The defendant shall be solely entitled to the checking account and any balance therein.
4. The plaintiff shall be entitled to his 401(K) and ESOP Plan.
5. The defendant shall be entitled to her TIAA/CREF Plan.
D. DEBTS
CT Page 10215
1. The plaintiff shall contribute the sum of $725 towards the Sears bill. Said payment shall be made within 30 days of date.
2. The plaintiff shall hold the defendant harmless from the bill owed to Neil Ouilette.
3. The defendant shall be responsible for the remaining bills as listed on her financial affidavit.
E. COUNSEL FEES
No counsel fees are awarded to either party.
F. CHANGE OF NAME
The defendant is granted a change of name to Susan Kovacs.
Coppeto, J.